**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4: 11 CR 246 CDP (FRB) |
| ) | |
| ANTHONY ROBINSON, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

NOW COMES defendant Anthony Robinson, by and through his attorney, Douglas P. Roller, and submits the Sentencing Memorandum.

**FACTUAL OBJECTIONS**

In his Objections to the Disclosure PSR, Defendant objected to all or portions of the following paragraphs which contained factual assertions pertaining to the offense conduct: 26, 28-36, 38-50, and 52-54.  The government, in its Response to Defendant's Objections to the Disclosure PSR, opposed every objection raised by Defendant.  The Probation Officer did not modify the PSR in response to any of Defendant's factual objections.

As a consequence of the unwillingness of the government to agree with or not oppose any Objection, the Court will have to resolve the factual allegations at sentencing.  Defendant regrets this burden being unnecessarily foisted on the Court.

Defendant's objections in regards to the Victim Impact Statements, paragraphs 57-62, relates to the factual statements regarding Defendant's conduct causing the victim impact

described in the enumerated paragraphs. Defendant maintains that the factual statements are incorrect as articulated in Defendant's Objections to the Disclosure PSR.

## GUIDELINES CALCULATIONS

### 1.   *Paragraph 64-Obstruction of Justice*

AUSA Wissler has informed counsel that the government will not seek to impose the obstruction of justice enhancement described in paragraph. As a consequence, paragraphs 64, 73, 79, 85 and 91 should be stricken from the final PSR.

### 2.   *Paragraphs 69-72, 74-78, 80-84, 86-90 and 92-96 – Application of Guidelines*

Defendant maintains the objections set forth in the above-numbered paragraphs. Little purpose would be served by rearguing the propositions set forth in Defendant's Objections to the Disclosure PSR since the ultimate outcome is dictated by statute.

### 3.   *Offender Characteristics – paragraph 112*.

Defendant maintains his objection to inclusion of the government's conclusions drawn from unseen police reports. Even if the government's description is accurate, Defendant further objects to the inclusion of the unsubstantiated police reports, particularly in light of the fact that the supposed victim of the conduct described in the reports does not support the statements attributed to the reports by the government. Additionally, no prosecutions were undertaken. The information contained in paragraph 112 simply does not have the required indicia of reliability upon which this Court may rely in sentencing.

## ALTERNATE SENTENCE

Defendant recognizes that this Court has no choice but to sentence Defendant to life imprisonment, even though his codefendants who allegedly were involved in murders have received much lighter sentences. The mandatory minimum provisions of 18 U.S.C. 1959,

Defendant believes, will go the way of the mandatory Guidelines. The Supreme Court's steady expansion of *Apprendi* may very well do away with mandatory minimum sentences as presently structured. Also, legislation has been introduced in the Senate to allow a Judge to depart below a mandatory minimum sentence predicated upon consideration of Section 3553 factors. Thus, the sentence now required to be imposed on Anthony Robinson may not be in existence in the future.

For this reason, Defendant makes the highly unusual request that the Court consider pronouncing a tentative sentence as if the mandatory minimum in 18 U.S.C. 1959 were no longer viable. Thus, in the event the mandatory minimum of Section 1959 is stricken or legislation enacted allowing a judge to depart below the mandatory minimum sentence, this Court's view, having presided over the trial, may be known in the event of resentencing. This request is made because Defendant is only 26 years old. It is, therefore, certainly within the realm of possibility that a change in the statute may very well occur during the course of his imprisonment. In addition, Defendant desires to make it clear that he has not waived any right to seek subsequent relief and that he indeed did raise the issue in the trial court.

Respectfully, submitted,

/s/Douglas P. Roller
Douglas P. Roller #50262MO
Roller Law Office LLC
2507 January Avenue
St. Louis, Missouri 63110
(314) 645-7228
(314) 645-7235 (fax)
dprcrimlaw@aol.com

***Attorney for Defendant Anthony Robinson***

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on the 19th day of April 2013, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record:


                /s/ Douglas P. Roller